## TOMLINSON v. BARKER. (No. 1886.)*

(Court of Civil Appeals of Texas. El Paso. March 18, 1926. Rehearing Denied April 15, 1926.)

1. Husband and wife ⊗⟹266.

Husband may purchase property with community funds and transfer it to wife as her separate estate.

2. Vendor and purchaser ⊗⟹261(2) — That payee of note secured by vendor's lien did not expressly assign lien when transferring note held not to defeat purchaser's right to foreclose.

Where one of husband's notes secured by vendor's lien was assigned to his wife by payee, that there was no express assignment of lien securing note held not to defeat her right to foreclose and recover on proportionate part of lien represented by that note.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Mollie Lee Tomlinson against J. D. Barker. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Chastain & Judkins, of Eastland, for appellant.

Turner, Seaberry & Springer, of Eastland, for appellee.

HIGGINS, J. Appellant brought this suit against appellee, Barker, to foreclose a vendor's lien upon land. She alleged that the note, the payment of which was secured by said lien, belonged to her separate estate, and that her husband, W. R. Tomlinson, refused to join in the suit. She asked that the lien be established and foreclosed. W. R. Tomlinson was the maker of the note and appellee the payee. Judgment was rendered in favor of defendant.

Briefly stated, the trial court's findings are as follows:

(1) J. D. Barker, appellee, was the payee and owner of three notes executed by W. R. Tomlinson, the plaintiff's husband, in the sum of $437.27 each, secured by vendor's lien upon the land sought to be foreclosed upon. One of the notes being past due, W. R. Tomlinson came to Barker's office and gave him a check for the principal and interest, which check was paid to Barker. The check was signed by Mollie Lee Tomlinson, by W. R. Tomlinson, and "the defendant, J. D. Barker, assigned the vendor's lien note in controversy to plaintiff, Mollie Lee Tomlinson."

(2) This finding states in detail the facts with respect to whether the fund upon which the check was drawn was community or separate property of Mrs. Tomlinson, and concludes by finding "that plaintiff did not establish to the satisfaction of the court that the funds that purchased the note were separate funds, hence the court concludes that the note was purchased with community funds of plaintiff and her husband, W. R. Tomlinson."

"(3) That when the check for four hundred sixty-five and 85/100 ($465.85) dollars was paid this defendant by W. R. Tomlinson, as agent for his wife, the plaintiff herein, the said W. R. Tomlinson, requested this defendant to transfer said note and the lien securing same to plaintiff. That defendant declined to so transfer said lien, but agreed to transfer the note, and did transfer same with the following indorsement in substance substantially as follows: 'For value received, I hereby sell, trans-

fer and assign to Mollie Lee Tomlinson the within note, without recourse on me, J. D. Barker'—and at the same time drew a line through and marking out the following: 'Together with the vendor's lien on the property securing same, and as indorser, I guarantee the payment of the within note at maturity, or on demand at any time after maturity, waiving demand, protest and notice of nonpayment thereof,' and further agree that upon the payment of the two remaining vendor's lien notes held by defendant, which the said Tomlinson promised to do within a short time thereafter, he would thereupon transfer said lien by written assignment to said plaintiff. That to evidence said agreement, said defendant struck out the printed transfer of lien on the back of said note, as indicated above. That at the time of said indorsement said note was past due. That neither W. R. Tomlinson or plaintiffs have paid the two remaining notes, nor have either of them ever been paid. That the defendant offered upon the payment of said two remaining notes, with accrued interest to date of trial, to transfer said notes as well as the legal title to said land to plaintiff. That sometime subsequent to the transfer of said note by defendant to plaintiff, W. R. Tomlinson filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Texas at Abilene, Tex., and in due time adjudicated a bankrupt. That defendant, J. D. Barker, proved up a secured claim against the said W. R. Tomlinson, on the two notes still held by him, secured the allowance of said claim by the referee in bankruptcy and on proper application and order secured the transfer by the trustee in bankruptcy of the land and premises to the extent of something over 300 acres of the land, and subsequent to that date defendant acquired the other from other parties; said property so acquired through the bankrupt court was subject to all liens and incumbrances."

[1, 2] The facts found by the court rebut the idea that it was intended by Tomlinson to pay the note or that the check was accepted by Barker in payment. It appears clearly that the intention of the parties was to transfer the note to Mrs. Tomlinson. It must necessarily have been Tomlinson's intention that she should acquire the same as her separate property, for he could not become the owner of his own obligation. We know of no reason why a married man, and the maker of a note, cannot have the owner of such note transfer the same to his wife as the separate property of the wife. The fact that the note is paid for with community funds does not affect the question. It is competent for a man to pay for property with community funds and have the same conveyed to his wife as her separate property. The transfer of the note to Mrs. Tomlinson carried with it the proportionate part of the lien as incident to the debt. This was the legal effect of the contract of indorsement and it is not permissible to vary the same by parol. Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096. The fact that there was not an express assignment of the lien

did not defeat her right to foreclose. According to the trial court's findings there was an assignment of the note with an agreement to execute a written assignment of the superior title when Mrs. Tomlinson took up the other two notes. There is no issue presented of a waiver or abandonment of the lien or estoppel to assert the same as the trial court held in his conclusions of law. The facts found by the court present no such questions. Barker would have been within his rights in declining to transfer the note to Mrs. Tomlinson and insisting upon its payment, but having seen fit to accept the check as the purchase price thereof and having transferred the note to her he is bound to respect her rights as the holder of the note and lien.

There is no occasion for us to discuss theories presented by appellee in support of the judgment which are totally foreign to the facts found by the trial court.

It appears that appellee has reacquired the title to the land through the trustee in bankruptcy of W. R. Tomlinson and third persons. Equities may have thus arisen which require adjustment. We will, for this reason, not reverse and here render, but reverse and remand.